IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BERTOTY, | |
| Plaintiff, | Case No. 3:21-cv-0118 |
| v. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | JURY TRIAL DEMANDED |
| Defendant. | |

# COMPLAINT

NOW COMES Plaintiff, David Bertoty, by and through his attorney, David M. Manes, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act of 1990 (The ADA"), 42 U.S.C. § 12203 (a) *et seq.,* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.* Plaintiff alleges that he was terminated in retaliation for requesting reasonable accommodations from Defendant for his documented disability.

### II. Jurisdiction and Venue

2. This action arises under the ADA. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding his allegations under the ADA on February 17, 2021, under charge number 533-2021-00817. *See Exhibit 1*.

6. Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on May 10, 2021 This Complaint has been filed within ninety (90) days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 2*.

### III. Parties

7. Plaintiff, David Bertoty ("Plaintiff"), is an adult individual with a primary residence located at 2125 Route 130, Pleasant Unity, Pa 15676.

8. Defendant, Pennsylvania Department of Corrections ("Defendant") is a Pennsylvania business corporation with a regular place of business located at 1590 Walters Mill Road, Berlin, Pa 15330.

### IV. Facts

9. Plaintiff began working for Defendant in February 2020 as a correctional officer. Plaintiff was assigned work at the State Correctional Institute at Somerset.

10. Throughout Plaintiff's employment with Defendant, he received positive reviews and was successful in his position.

11. As a correctional officer, Plaintiff was required to complete several rounds of testing, including the Phase 3 test. The Phase 3 test is given in written form.

12. Plaintiff has a diagnosed disability of ADHD, which affects his ability to complete written testing.

13. Plaintiff submitted a request for accommodation, notifying Defendant of his disability on or about November 11, 2020. On this date, Plaintiff also submitted a letter from his primary care physician documenting his ADHD.

14. Plaintiff provided Defendant with several options for accommodation in order for him to successfully complete the Phase 3 test such as oral testing, a study guide, one-on-one studying, and a one-on-one testing with no distractions.

15. On or about November 12, 2020, Plaintiff's request was partially approved. Defendant offered to allow Plaintiff to take the test "in a quiet location without any distractions."

16. Plaintiff was required to take the Phase 3 test three times, all in written form.

17. Plaintiff was not offered reasonable accommodations, which lead to failing the Phase 3 exam the first two times.

18. On the third time Plaintiff took the Phase 3 test, he was subjected to multiple distractions.

19. These distractions included an inmate vacuuming and typing noises from the Lieutenant who as was administering the exam.

20. Due to these distractions, Plaintiff failed the Phase 3 test.

21.     Plaintiff was not given adequate accommodations for his disability at any point during his employment with Defendant.

22.     Defendant failed to engage in the interactive process by failing to provide accommodations for his disability.

23.     Defendant retaliated against Plaintiff after he notified them of his disability and requested accommodations. This retaliation included Defendant marking test answers incorrect that should have been marked correct.

24.     Had Defendant granted Plaintiff's reasonable accommodations, he would have been able to perform the essential functions of his job, including passing the Phase 3 test.

25.     Failing the Phase 3 test ultimately led to Plaintiff's termination from Defendant.

## COUNT I
## Disability Discrimination in Violation of the ADA

26.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

27.     The inquiry into whether a person is disabled under the ADA is made on a case-by-case analysis. *Tice v. Centre Area Transport Authority*, 247 F.3d 506 (3rd Cir. 2001). To establish a prima facie case of discrimination under the ADA, Plaintiff must show: (1) he is a disabled person within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job; and (3) he suffered an adverse employment decision as a result of discrimination. See *McGlone v. Philadelphia Gas Works*, 17-1399, 2018 WL 2193658, at *2 (3d Cir. May 14, 2018) (citing *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)).

28.     The PHRA is modeled similarly to the ADA and shares similar burdens. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both

ADA and PHRA claims on the same grounds. *Bialko v. Quaker Oats Co.*, 434 F. App'x. 139, 142 n.5 (3rd Cir. 2011) (citing *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) (noting that the PHRA, in all "relevant respects," was "basically the same as the ADA" and was interpreted "in accord" with the ADA and related case law, thus meaning that "disposition of [plaintiff's] ADA claim applie[d] with equal force to his PHRA claim.").

29. It is clear that Plaintiff is a person who qualifies as a disabled individual under the ADA. Plaintiff has a diagnosed condition, which caused him to be unable to take the Phase 3 test without reasonable accommodations.

30. As an employer with 15 or more employees, Defendant is a qualified employer under the ADA.

31. Plaintiff was a qualified individual for his position as a correctional officer. There is no evidence that he was unqualified to perform the essential functions of his job.

32. Plaintiff sought accommodation for his disability, which was partially granted in the form of Defendant offering to allow Plaintiff to take the test "in a quiet location without any distractions."

33. However, Plaintiff did not have a quiet place free of distractions, which ultimately led to his inability to successfully complete the Phase 3 test.

34. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT II

### Disability Discrimination in Violation of the PHRA

35. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

36. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to position both ADA and PHRA claims on the same grounds. Bialko v. Quaker Oats Co., 434 F. App'x. 139, 142 n.5 (3d Cir. 2011) (citing Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002).

37. Because Plaintiff is able to state a viable claim of disability discrimination under the ADA, he is also able to under the PHRA.

38. Plaintiff was qualified to perform the essential functions of his job as a correctional officer. There is no evidence that he was unqualified to perform the essential functions of his job.

39. Plaintiff sought accommodation for his disability, which was partially granted in the form of Defendant offering to allow Plaintiff to take the test "in a quiet location without any distractions."

40. Plaintiff's disability was disclosed to the Defendant.

41. However, Plaintiff did not have a quiet place free of distractions, which ultimately led to his inability to successfully complete the Phase 3 test.

42. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT III
**Retaliation in Violation of the ADA**

43. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

44. The ADA prohibits employers from retaliating against employees. 42 U.S.C. § 12203(a). To establish a claim for retaliation, Plaintiff must prove: (1) a protected employee activity; (2) an adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 759 (3d Cir. 2004); *Lackey v. Heart of Lancaster Regl. Med. Ctr.*, 704 Fed. Appx. 41, 49–50 (3d Cir. 2017).

45. Plaintiff sought to have his disabilities accommodated by his employer, Defendant. Such action is not only protected, but gets to the core of the purpose of the ADA, which is to help those who need it.

46. Plaintiff's sought accommodation for his disability, which was partially granted in the form of Defendant offering to allow Plaintiff to take the test "in a quiet location without any distractions."

47. However, Plaintiff did not have a quiet place free of distractions, which ultimately led to his inability to successfully complete the Phase 3 test.

48. In addition to not being adequately accommodated, Defendant retaliated against Plaintiff by marking answers on the test as incorrect when the answers were correct.

49. When viewed in its entirety, the actions by Defendant can only be viewed as retaliatory against Plaintiff for his invocation of his rights to reasonable accommodation under the ADA and the PHRA.

50. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT IV

### Retaliation in Violation of the PHRA

51. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

52. The Pennsylvania Department of Corrections constitutes an employer within the meaning of the PHRA.

53. Bertoty was an employee of the Pennsylvania Department of Corrections within the meaning of the PHRA.

54. As stated above, in violating the ADA, Defendant hereby violated the PHRA.

55. Because Plaintiff is able to state a viable claim of unlawful retaliation under the ADA, he is able to state a claim under the PHRA.

56. Plaintiff engaged in a protected activity in invoking his need for an accommodation.

57. Plaintiff suffered adverse action shortly after invoking his right by being terminated from his position.

58. A causal connection is established as a result of the sequence of events. Plaintiff had no issues with Defendant prior to asserting his rights through protected activity.

59. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT V

### Failure to Accommodate in Violation of the ADA

60. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

61. To prevail on a claim of failure to accommodate, Plaintiff must establish that "(1) the employer knew about his disability; (2) he requested accommodations or assistance for his disability; (3) the employer did not make a good faith effort to assist him in seeking accommodations; and (4) he could have been reasonably accommodated but for the employer's lack of good faith." *Tourtellotte v. Eli Lily & Co.*, 636 F.App'x 831, 849 (3d Cir. 2016) (*internal citations omitted*).

62. Plaintiff was known to Defendant to have a disability.

63. Plaintiff's requests for accommodation were partially granted, but the partial grant was not followed through upon by Defendant.

64. There was no good faith effort made by Defendant to grant or follow through with Plaintiff's accommodation.

65. It would have been easy for Defendant grant any of the accommodations requested by Plaintiff.

66. At the least, Defendant could have followed through with the partial granted accommodation and given Plaintiff a quiet place to take the Phase 3 test that was free from distractions.

67. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT VI

### Failure to Accommodate in Violation of the PHRA

68. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

69. As stated above, in violating the ADA, Defendant hereby violated the PHRA.

70. Defendant is an employer within the meaning of the PHRA.

71. Plaintiff is an employee within the meaning of the PHRA.

72. Plaintiff requested a quiet place free of distractions to take the required Phase 3 test.

73. Plaintiff was not granted this accommodation.

74. As a result, Plaintiff was unable to concentrate on the test which eventually lead to his termination.

75. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant, and award all damages available at law and equity, including:

a) Lost back pay resulting from Defendant's termination of Plaintiff;

b) Lost front pay continuing into the future for Defendant's unlawful conduct;

c) Compensatory damages, including emotional damages and humiliation;

d) Punitive damages to punish Defendant's conduct and to deter similar future conduct;

e) Costs for bringing this action;

f) Attorney's fees;

g) Pre-judgment and continuing interest; and

h) Any other relief that this Court deem necessary and proper.

Respectfully Submitted,

/s/ David M. Manes
David M. Manes, Esq.
PA ID: 314661
**Manes & Narahari LLC**
Law & Finance Building
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
71 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

## VERIFICATION

I, David Bertoty, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
David Bertoty